# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MARCUS BRUSO and RUTH BRUSO,    )
     )
    Plaintiffs,    )
     )
v.    )    Case No. CIV-25-964-D
     )
STATE FARM FIRE AND CASUALTY    )    (Remanded to Cleveland County
COMPANY; and BRONSON SCHUBERT    )    District Court, Case No.
AGENCY INC.,    )    CJ-2024-1157)
     )
    Defendants.    )

## ORDER

Before the Court is Plaintiffs' Motion to Remand [Doc. No. 5]. Defendant State Farm Fire and Casualty Company filed a response [Doc. No. 6], to which Plaintiffs replied [Doc. No. 7]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiffs' property was damaged in a storm on April 19, 2023. Plaintiffs filed a claim with their homeowner's policy, issued by State Farm, and an inspection was performed by SeekNow, on behalf of State Farm. Plaintiffs allege that SeekNow "reported to State Farm that Plaintiffs' roof was damaged on 'all slopes' by hail and necessitated replacement." [Doc. No. 5, at 8]. Plaintiffs further allege that State Farm adjuster Bridgett Morton agreed and recommended a total roof replacement. *Id.* However, State Farm then sent a different adjuster to inspect the property, finding "no hail hits to three of the four slopes" and some wear and tear damage. *Id.* at 9. For some covered damage to the dwelling and shed, State Farm prepared a damage estimate showing a total replacement cost value

1

of $7,855.85, of which Plaintiffs would be paid $5,595.85 after applying Plaintiffs' deductible. [Doc. No. 1-1, at 2].

Plaintiffs' contractor inspected Plaintiffs' home and "found approximately $50,000 more damage than State Farm." *Id.* at 3. For Plaintiffs' claims against State Farm, they allege that State Farm "simply manufactured a reason to deny portions of Plaintiffs' claim in order to save money," breaching the policy and acting in bad faith. *Id.* at 3-5.

For Plaintiffs' claims against Bronson Schubert Agency Inc., they allege:

> Bronson [Schubert] acted as State Farm's agent for many years to renew and maintain Plaintiffs' policy. Bronson [Schubert] represented to Plaintiffs the policy would pay to fully replace all damages that ever occurred to their home. Bronson [Schubert] represented this specific policy would pay all costs to replace or repair damages up front without any deductions other than the deductible. Bronson [Schubert] represented to Plaintiffs the policy would pay in full, up front, for all damages that occurred to their home so Plaintiffs would avoid financial hardship in the event of a claim. Bronson [Schubert] further represented the home was in excellent condition, which included the roof. Indeed, State Farm would not have issued the subject policy if Plaintiffs' home was in poor condition or had signs of wear and tear, defects, etc. Bronson [Schubert] confirmed to Plaintiffs their home met all of State Farm's underwriting requirements.

*Id.* at 2. According to Plaintiffs, these "representations made by Bronson [Schubert] to Plaintiffs with respect to the Policy, which Plaintiffs relied upon to their detriment, were not true." *Id.* at 3.

State Farm removed this action within 30 days of Plaintiffs' depositions, and Plaintiffs do not dispute the timeliness of removal. In its Notice of Removal [Doc. No. 1], State Farm contends that complete diversity exists under 28 U.S.C. § 1332, and the amount

in controversy exceeds the threshold for diversity jurisdiction. The parties appear to dispute whether Plaintiffs are citizens of Oklahoma or Michigan for purposes of diversity jurisdiction. However, as long as Schubert was not fraudulently joined, the Court need not determine Plaintiffs' citizenship. In other words, if Plaintiffs are Oklahoma citizens, then Schubert (OK) is a non-diverse party, and complete diversity does not exist. If Plaintiffs are Michigan citizens, then there *is* diversity between Plaintiffs (MI) and State Farm (IL), but State Farm's removal violates the forum-defendant rule as to Schubert (OK). That rule provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Accordingly, this case turns on the issue of fraudulent joinder regardless of Plaintiffs' citizenship because Schubert is either a non-diverse party or a forum defendant.

Although Schubert is either non-diverse or a forum defendant, State Farm asserts that Schubert was fraudulently joined by Plaintiffs and can be disregarded for purposes of analyzing diversity jurisdiction and the forum-defendant rule. Before the Court is Plaintiffs' motion to remand, arguing that State Farm cannot meet its "heavy burden" to show fraudulent joinder.

## STANDARD OF DECISION

Subject-matter jurisdiction over this case turns on the issue of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d

3

980, 988 (10th Cir. 2013) (internal quotation omitted); *see also Osburn v. Ardmore Suzuki, Inc.*, No. 21-CV-234-JWB, 2023 WL 1927991, at *5 (E.D. Okla. Feb. 10, 2023) ("The fraudulent joinder doctrine creates an exception to the forum-defendant rule."). State Farm relies solely on Plaintiffs' inability to establish a cause of action against Schubert.[1] As the removing party, State Farm must establish federal jurisdiction exists. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted). To satisfy the "heavy burden on the party asserting fraudulent joinder," State Farm must show that there is no possibility that Plaintiffs would be able to establish a cause of action against Schubert in state court. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished)[2] (quotations and citation omitted); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (citation omitted) ("[T]he removing party must show that the plaintiff has 'no cause of action' against the fraudulently joined defendant.").

"[U]pon specific allegations of fraudulent joinder, the court may pierce the pleadings, … consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations

---

[1] Although State Farm does reference actual fraud in the pleadings in response to Plaintiffs' motion to remand, the Court does not consider this argument as it was not included as a basis for removal in State Farm's Notice of Removal. [Doc. No. 1, at 6 n.3].

[2] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

omitted); *see also Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967). The nonliability of a defendant alleged to have been fraudulently joined must be "established with complete certainty." *Smoot*, 378 F.2d at 882; *Dodd*, 329 F.2d at 85. "This standard is more exacting than that for dismissing a claim under FED. R. CIV. P. 12(b)(6)." *Montano*, 2000 WL 525592, at *2. "[A]ll factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988.

## DISCUSSION

### I.      Inability to State Cause of Action

Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Kutz v. State Farm Fire & Cas. Co.*, 189 P.3d 740, 744-45 (Okla. 2008) (citation omitted). To that end, agents must "offer coverage mandated by law and coverage for needs that are disclosed by the insureds…." *Rotan v. Farmers Ins. Grp. of Companies, Inc.*, 83 P.3d 894, 895 (Okla. 2003). "[C]onstructive fraud [or negligent misrepresentation] consists of 'any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to [his] prejudice, or to the prejudice of any one claiming under him[.]" *McDow v. State Farm Fire & Cas. Co.*, No. CIV-22-927-F, 2022 WL 17960457, at *2 (W.D. Okla. Dec. 27, 2022) (quoting Okla. Stat. tit. 15, § 59). "This duty could arise, even though it might not exist in the first instance, once a defendant voluntarily chooses to speak to plaintiff about a particular subject matter." *Foster v. State Farm Fire & Cas. Co.*, No. CIV-24-222-PRW,

2025 WL 392728, at *3 (W.D. Okla. Feb. 4, 2025) (citing *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180-81 (10th Cir. 2008) (citation omitted)).

Plaintiffs contend that "Schubert represented their roof had been inspected before the policy was issued in 2022, and [the roof] was in 'great' or 'excellent' (or something synonymous) condition and, as a result, their home qualified for a replacement cost policy." [Doc. No. 5-3, at 7, 9] ("I do remember being told that they did the inspection, house was in great shape and that it would qualify for full coverage."). Plaintiffs asked Schubert "specifically whether the policy would pay to replace the roof in the event of hail damage," and Schubert allegedly "misled [Plaintiffs] because they believed if the roof was damaged, the entire roof would be replaced." [Doc. No. 5, at 7]. Plaintiffs further contend that "Schubert's representations proved to be false" in that "State Farm's claim determination— that much of the damage was due to pre-existing wear and tear and deterioration—is fundamentally inconsistent with Schubert's representations." *Id.* at 10. Plaintiffs argue that "Schubert did not simply sell a policy; it made affirmative representations about the property's condition and the type of policy Plaintiffs purchased" and "failed to disclose the whole truth: that State Farm engages in a systematic practice of using alleged pre-existing conditions as a pretext to deny the very claims the policy is meant to cover." *Id.* For these reasons, Plaintiffs contend that Schubert's affirmative representations about the roof's condition and eligibility for a full replacement cost policy were "demonstrably untrue and induced Plaintiffs to their detriment." *Id.* at 11.

Based on these allegations, although Plaintiffs' claims against Schubert are not a "sure-thing," the Court finds that State Farm has not met its heavy burden to establish with

6

complete certainty that Plaintiffs cannot establish a claim against Schubert in state court. *See Nerad v. AstraZeneca Pharmaceuticals, Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006); *Montano*, 2000 WL 525592, at \*2 ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."); *see also Coover v. State Farm Fire and Cas. Co., et al.*, No. CIV-25-334-PRW, 2025 WL 3470868 (finding remand appropriate where "open questions remain regarding the scope of the agents' roles in procurement of the policies, whether [the] [p]laintiffs requested or were promised more extensive coverage than they received, the precise duties that may be imposed on insurance agents under Oklahoma law, the representations made by the agents, the existence and the agents' knowledge of a widespread scheme to shortchange insured parties when making claims for hail and wind damage, and more."). Accordingly, the Court finds that State Farm has not met its "heavy burden" to establish fraudulent joinder, and remand is appropriate.

## CONCLUSION

For the reasons stated herein, the Court finds that State Farm has not established fraudulent joinder, and this Court lacks subject-matter jurisdiction. **IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand [Doc. No. 5] is **GRANTED**, and the case is **REMANDED** to the District Court of Cleveland County, Oklahoma. The Clerk of Court shall mail a certified copy of this Order to the clerk of the District Court of Cleveland County. Each side shall bear their own attorney's fees, costs, and expenses incurred as a result of the removal and remand.

**IT IS SO ORDERED** this 27th  day of March, 2026.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge